IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br>                 Plaintiffs, <br> v. <br> ORLOWSKI CONSTRUCTION, INC., a dissolved Illinois corporation, and ORLOWSKI COMPANY, INC., an Illinois corporation, and WESLEY J. ORLOWSKI, f/k/a WIESLAW J. ORLOWSKI, individually, <br>                 Defendants. | Case No. 08 C 35 <br><br> Judge BUCKLO |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Now come Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, Administrator of the Funds (collectively referred to hereinafter as the "Funds"), by and through their attorney, Jerrod Olszewski, and hereby move this Court to enter Default Judgment in Sum Certain against Defendants Orlowski Construction, Inc., a dissolved Illinois corporation, (hereinafter "Company 1"), and Orlowski Company, Inc., (hereinafter "Company 2") on Counts I, II, III, IV, and V. In support of this Motion, Plaintiffs state as follows:

1.  Plaintiffs filed their Complaint on January 2, 2008 seeking to

    a.  Compel Company 1 to submit benefits and dues reports and contributions from June, 2007 forward, submit to an audit, and to pay delinquent benefits and dues contributions, including

      liquidated damages, interest, audit costs, and attorneys fees and costs;

  b. Compel Company 2 to submit benefits and dues reports and contributions from May, 2007 forward, submit to an audit, and to pay delinquent benefits and dues contributions, including liquidated damages, interest, audit costs, and attorneys fees and costs;

  c. Obtain a finding by this Court that Company 2 is a successor to, alter ego of, single employer with, Company 1, and therefore both liable for each others delinquent benefits and dues contributions to the Funds, including liquidated damages, interest, audit costs, and attorneys fees and costs; and

  d. Compel Orlowski to pay to the Funds all amounts owed from Company 1 and Company 2's default on the Installment Note, which he personally guaranteed.

  2. Summons and Complaints were personally served on Orlowski, individually, and as owner of Company 1 and Company2 on January 23, 2008. True and accurate copies of Plaintiffs' process server's Affidavits of Service are attached hereto as Exhibits A, B, and C, respectively.

  3. All three Defendants have failed to answer or otherwise plead, and are in default. However, Funds seek only entry of default judgment as to Company 1 and Company 2, and dismiss without prejudice Count VI, the only remaining Count of the Complaint.

4. After service was effectuated,

 a. Company 1 submitted its June through September, 2007 benefits and dues reports and contributions, submitted to an audit for the period of August 1, 2006 through September 30, 2007, and submitted partial payment on the defaulted Installment Note;

 b. Company 2 submitted its May, 2007 through April, 2008 benefits and reports and contributions, its May, 2007 through December, 2007 dues reports and contributions, submitted to an audit for the period of October 1, 2007 through December 31, 2007, and submitted partial payment on the defaulted Installment Note;

 c. Orlowski ensured Company 1 and 2's compliance and submitted full payment on the defaulted Installment Note alleged in Count VI of the Complaint; and

 d. Orlowski, Company 1, and Company 2, met and had numerous telephone conversations with Funds' counsel throughout the past five months to conduct and review the audits, submit challenges to the audits, and resolve the litigation. However, at this time substantial amounts remain owing.

4. As set forth in the Affidavit of Joseph Gilleran, filed contemporaneously herewith and attached hereto as Exhibit D, pursuant to the Agreements, and the Funds' respective Agreements and Declarations of Trust, Funds are entitled to $194,703.48 in delinquent contributions revealed by the audits of Company 1 and Company 2, including liquidated damages, interest, and audit costs. See Exhibit D, ¶¶ 1 through 12.

5. As set forth in the Affidavit of Denise Ayala, filed contemporaneously herewith and attached hereto as Exhibit E, pursuant to the Agreement, Funds are entitled to delinquent dues contributions and liquidated damages on Company 2's January through April, 2008 dues reports in the amount of $1,533.35. See Exhibit E, ¶¶ 1 through 5.

6. Pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1132(g)(2), Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, federal common law, the Agreements, and the Funds' respective Agreements and Declarations of Trust, Funds are entitled to judgment in the amount of $200,591.43 joint and severally, against Orlowski Construction, Inc. and Orlowski Company, Inc. as follows:

    a. $177,836.03 in delinquent contributions, liquidated damages, interest, and audit costs for the audit of Company 1 for the period of August 1, 2006 through September 30, 2007, and accumulated liquidated damages on Company 1's late paid May through August, 2007 benefits reports (See Exhibit D, ¶¶ 8 and 9);

    b. $16,867.45 in delinquent contributions, liquidated damages, interest, and audit costs for the audit of Company 2 for the period of October 1, 2007 through December 31, 2007, and accumulated liquidated damages on Company 2's late paid November, 2007 and January through March, 2008 benefits reports (See Exhibit D, ¶¶ 10 and 11);

    c. $1,533.35 in delinquent dues contributions and liquidated damages

4

       on Company 2's January through April, 2008 dues reports in the amount of $1,533.35 (See Exhibit E, ¶ 5);

  d. $4,354.60 in attorneys' fees and costs as set forth in the Declaration of Jerrod Olszewski filed contemporaneously herewith and attached hereto as Exhibit F.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in Plaintiffs' favor and against Defendants Orlowski Construction, Inc. and Orlowski Company, Inc., joint and severally, in the amount of $200,591.43 as follows:

  A. $177,836.03 in delinquent contributions, liquidated damages, interest, and audit costs for the audit of Company 1 for the period of August 1, 2006 through September 30, 2007, and accumulated liquidated damages on Company 1's late paid May through August, 2007 benefits reports;

  B. $16,867.45 in delinquent contributions, liquidated damages, interest, and audit costs for the audit of Company 2 for the period of October 1, 2007 through December 31, 2007, and accumulated liquidated damages on Company 2's late paid November, 2007 and January through March, 2008 benefits reports;

  C. $1,533.35 in delinquent dues contributions and liquidated damages on Company 2's January through April, 2008 dues reports in the amount of $1,533.35; and

  D. $4,354.60 in attorneys' fees and costs.

  E. Finding that Company 2 is a successor to, alter ego of, single

        employer with, Company 1, and therefore both are liable for each others delinquent benefits and dues contributions to the Funds, including liquidated damages, interest, audit costs, and attorneys fees and costs.

    F.    Ordering Defendants to pay post judgment interest in all amounts due from the date of judgment until the judgment is satisfied.

    G.    Dismissing Count VI of the Complaint without prejudice.

June 17, 2008                                                    Laborers' Pension Fund, et al.

                                                              By: /s/ Jerrod Olszewski

Jerrod Olszewski
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

SUMMONS IN A CIVIL CASE

LABORERS' PENSION FUND AND LABORERS'
WELFARE FUND OF THE HEALTH AND
WELFARE DEPARTMENT, ETC., ET AL.,

V.

ORLOWSKI CONSTRUCTION, INC., a dissolved Illinois corporation,
and ORLOWSKI COMPANY, INC., an Illinois corporation, and WESLEY
J. ORLOWSKI, f/k/a WIESLAW J. ORLOWSKI, individually,

CASE NUMBER: **08 C 35**

ASSIGNED JUDGE:

DESIGNATED MAGISTRATE JUDGE:

**JUDGE BUCKLO
MAGISTRATE JUDGE SCHENKIER**

TO: (Name and address of Defendant)

Wesley J. Orlowski
2524 W. Huron Street
Chicago, IL 60612

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Patrick T. Wallace, Jerrod Olszewski
Christina Krivanek, Amy N. Carollo
Charles F. Ingrassia
Office of Fund Counsel
53 W. Jackson Blvd., Suite 550
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael W. Dobbins, Clerk**

_____
(By) DEPUTY CLERK

January 2, 2008
_____
Date



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LABORERS' PENSION FUND, ET AL. | COURT DATE: |
| PLAINTIFF(S) | Case No. 08 C 35 |
| vs. | |
| ORLOWSKI CONSTRUCTION, INC., ET AL. | AFFIDAVIT OF SERVICE: SUMMONS & COMPLAINT |
| DEFENDANT(S) | |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On **Jan 23, 2008**, at **8:52 PM**, I served the above described documents upon **WESLEY J. ORLOWSKI** as shown below:

**PERSONAL SERVICE** was made by leaving a true and correct copy to the within named individual, **WESLEY ORLOWSKI**.

Said service was effected at **2524 W HURON ST, CHICAGO, IL 60612**.

**DESCRIPTION:** Gender: **M**  Race: **WHITE**  Age: **60**  Hgt: **5'8"**  Wgt: **210**  Hair: **GRAY**  Glasses: **NO**

I declare under penalties of perjury that the information contained herein is true and correct.

*[signature]*

Steven A Stosur, Lic #: 117-001119
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 900
Wheaton, IL 60187
(630) 221-9007

SUBSCRIBED AND SWORN to before me this 24th day of January, 2008

*Joan C. Harenberg*

OFFICIAL SEAL
JOAN C HARENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/13/09

NOTARY PUBLIC

CLIENT NAME:                      ORIGINAL PROOF OF SERVICE         TRACKING #
Laborers Pension and Welfare Funds*                                 35800
FILE #:

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

SUMMONS IN A CIVIL CASE

LABORERS' PENSION FUND AND LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT, ETC., ET AL.,

V.

ORLOWSKI CONSTRUCTION, INC., a dissolved Illinois corporation, and ORLOWSKI COMPANY, INC., an Illinois corporation, and WESLEY J. ORLOWSKI, f/k/a WIESLAW J. ORLOWSKI, individually,

CASE NUMBER: **08 C 35**

ASSIGNED JUDGE: **JUDGE BUCKLO**

DESIGNATED MAGISTRATE JUDGE: **MAGISTRATE JUDGE SCHENKIER**

TO: (Name and address of Defendant)

Orlowski Construction Inc.
c/o Wesley J. Orlowski
2524 W. Huron Street
Chicago, IL 60612

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Patrick T. Wallace, Jerrod Olszewski
Christina Krivanek, Amy N. Carollo
Charles F. Ingrassia
Office of Fund Counsel
53 W. Jackson Blvd., Suite 550
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

_____
(By) DEPUTY CLERK

January 2, 2008
Date



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LABORERS' PENSION FUND, ET AL.<br><br>PLAINTIFF(S)<br><br>vs.<br><br>ORLOWSKI CONSTRUCTION, INC., ET AL.<br><br>DEFENDANT(S) | COURT DATE:<br><br>Case No.<br>08 C 35<br><br>AFFIDAVIT OF SERVICE OF:<br>SUMMONS & COMPLAINT |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On **Jan 23, 2008**, at **8:52 PM**, I served the above described documents upon **ORLOWSKI CONSTRUCTION, INC.** as shown below:

**CORPORATE SERVICE** was made by leaving a true and correct copy of the documents with **WESLEY ORLOWSKI / PRESIDENT**, an officer, managing agent or authorized agent of the within named company.

Said service was effected at **2524 W HURON ST, CHICAGO, IL 60612.**

**DESCRIPTION:**   Gender: **M**   Race: **WHITE**   Age: **60**   Hgt: **5'8"**   Wgt: **210**   Hair: **GRAY**   Glasses: **NO**

I declare under penalties of perjury that the information contained herein is true and correct.

*Steven A Stosur* (signature)

Steven A Stosur, Lic #: 117-001119
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 900
Wheaton, IL 60187
(630) 221-9007

SUBSCRIBED AND SWORN to before me this 24th day of January, 2008

*Joan C. Harenberg* (signature)

OFFICIAL SEAL
JOAN C HARENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/13/09

NOTARY PUBLIC

| CLIENT NAME:<br>Laborers Pension and Welfare Funds*<br>FILE #: | ORIGINAL PROOF OF SERVICE | TRACKING #<br>35798 |

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

LABORERS' PENSION FUND AND LABORERS'
WELFARE FUND OF THE HEALTH AND
WELFARE DEPARTMENT, ETC., ET AL.,

CASE NUMBER: **08 C 35**

V.

ASSIGNED JUDGE:

ORLOWSKI CONSTRUCTION, INC., a dissolved Illinois corporation, and ORLOWSKI COMPANY, INC., an Illinois corporation, and WESLEY J. ORLOWSKI, f/k/a WIESLAW J. ORLOWSKI, individually,

**JUDGE BUCKLO**
DESIGNATED     **MAGISTRATE JUDGE SCHENKIER**
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

Orlowski Company, Inc.
c/o Wesley J. Orlowski
2524 W. Huron Street
Chicago, IL 60612

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Patrick T. Wallace, Jerrod Olszewski
Christina Krivanek, Amy N. Carollo
Charles F. Ingrassia
Office of Fund Counsel
53 W. Jackson Blvd., Suite 550
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael W. Dobbins, Clerk**

_____
(By) DEPUTY CLERK

**January 2, 2008**
_____
Date


EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LABORERS' PENSION FUND, ET AL.<br><br>PLAINTIFF(S)<br><br>vs.<br><br>ORLOWSKI CONSTRUCTION, INC., ET AL.<br><br>DEFENDANT(S) | COURT DATE:<br><br>Case No.<br>**08 C 35**<br><br>AFFIDAVIT OF SERVICE OF:<br>**SUMMONS & COMPLAINT** |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On **Jan 23, 2008**, at **8:52 PM**, I served the above described documents upon **ORLOWSKI COMPANY, INC.** as shown below:

**CORPORATE SERVICE** was made by leaving a true and correct copy of the documents with **WESLEY ORLOWSKI / PRESIDENT**, an officer, managing agent or authorized agent of the within named company.

Said service was effected at **2524 W HURON ST, CHICAGO, IL 60612**.

**DESCRIPTION:**  Gender: **M**   Race: **WHITE**   Age: **60**   Hgt: **5'8"**   Wgt: **210**   Hair: **GRAY**   Glasses: **NO**

I declare under penalties of perjury that the information contained herein is true and correct.

*/s/ Steven A Stosur/*
Steven A Stosur, Lic #: 117-001119
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 900
Wheaton, IL 60187
(630) 221-9007

SUBSCRIBED AND SWORN to before me this 24th day of January, 2008

*/s/ Joan C. Harenberg/*

OFFICIAL SEAL
JOAN C HARENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/13/09

NOTARY PUBLIC

CLIENT NAME:
Laborers Pension and Welfare Funds*
FILE #:

ORIGINAL PROOF OF SERVICE

TRACKING #
35799

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and<br>LABORERS' WELFARE FUND OF THE<br>HEALTH AND WELFARE DEPARTMENT<br>OF THE CONSTRUCTION AND GENERAL<br>LABORERS' DISTRICT COUNCIL OF<br>CHICAGO AND VICINITY, and JAMES S.<br>JORGENSEN, Administrator of the Funds,<br>Plaintiffs,<br><br>v.<br><br>ORLOWSKI CONSTRUCTION, INC.,<br>a dissolved Illinois corporation, and<br>ORLOWSKI COMPANY, INC., an Illinois<br>corporation, and WESLEY J. ORLOWSKI,<br>f/k/a WIESLAW J. ORLOWSKI, individually,<br>Defendants. | Case No. 08 C 35<br><br>Judge BUCKLO |

## AFFIDAVIT OF JOSEPH GILLERAN

JOSEPH GILLERAN, being first duly sworn on oath, deposes and states as follows:

1. I am a Field Representative employed by the Laborers' Pension Fund and the Laborers' Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity (hereinafter collectively referred to as the "Funds"), Plaintiffs in the above-referenced action. My responsibilities include oversight of the collection of amounts owed by Defendants Orlowski Construction, Inc., (hereinafter "Company 1"), Orlowski Company, Inc., (hereinafter "Company 2"), and Wesley Orlowski, (hereinafter "Orlowski"). This Affidavit is submitted in support of the Funds' Motion for Entry of Default Judgment. I have personal knowledge regarding the statements contained herein.

2. On May 19, 1992, Company 1 signed a Laborers' Interim Collective Bargaining Agreement ("Agreement") with the Construction and General Laborers'


EXHIBIT D

District Council of Chicago and Vicinity ("District Council"). A true and accurate copy of the Agreement is attached hereto as Exhibit D-1. Pursuant to the terms of the Agreement, Company 1 is bound to the terms of the relevant collective bargaining agreements incorporated by reference in the Agreement and the Funds' respective Agreements and Declarations of Trust.

3. On May 1, 2007, Company 2 signed an Independent Construction Industry Collective Bargaining Agreement ("Agreement") with the District Council. A true and accurate copy of that Agreement is attached hereto as Exhibit D-2. Pursuant to the terms of that Agreement, Company 2 is bound to the terms of the relevant collective bargaining agreements incorporated by reference in the Agreement and the Funds' respective Agreements and Declarations of Trust.

4. Pursuant to agreement, the Chicago Funds have been duly authorized to act as collection agents on behalf of the District Council for union dues owed to the District Council.

5. The Agreements and the Funds' respective Agreements and Declarations of Trust, to which Company 1 and Company 2 are bound, require Company 1 and Company 2 to submit benefits and union dues reports and contribution payments by the tenth day of the following month. Dues payments which are not received by this date are assessed 10 percent of the principal amount of delinquent dues. Benefits payments which are not received within thirty days of this date are assessed liquidated damages in the amount of 10 percent, and 20 percent beginning June 1, 2007, of the principal amount of delinquent contributions, and interest at a rate of prime plus 2 percent as charged by the JP Morgan Chase Bank, N.A. from the date of delinquency forward. The Agreement and

the Funds' respective Agreements and Declarations of Trust also obligate Company 1 and Company 2 to submit their books and records to the Funds for periodic audits to determine benefit contribution compliance. A copy of the relevant portions of the relevant collective bargaining agreement is attached as Exhibit D-3; a copy of the relevant portions of the Amended Agreement and Declaration of Trust creating the Laborers' Pension Fund is attached as Exhibit D-4; a copy of the relevant portions of the Amended Health and Welfare Department of the Construction and General Laborers' District Council is attached as Exhibit D-5, and a copy of the Agreement and Declaration of Trust Establishing the Construction and General Laborers' District Council of Chicago and Vicinity Training Trust Fund is attached hereto as Exhibit D-6.

6. On or about February 14, 2007, Company 1 and Company 2 entered into a six month Installment Note ("Note") with the Funds to submit payment of contributions owed to the Funds for the period of January 1, 2003 through July 31, 2006. Company 1 and 2 also admitted in the third WHEREAS clause of the Note that Company 2 is a successor to / alter ego of / single employer with Company 1 and desires to be liable for and ensure payment of Company 1's debt to the Funds. A true and accurate copy of the Note is attached hereto as Exhibit D-7.

7. On or about February 14, 2007, Orlowski signed a Guaranty of Payment and Indemnification ("Guaranty") individually guaranteeing payment of the amounts due under the Note to the Funds. A true and accurate copy of the Guaranty is attached hereto as Exhibit D-8.

8. An audit of Company 1's books and records was conducted for the time period of August 1, 2006 through September 30, 2007. The audit revealed the following

delinquencies:

| | |
|---|---|
| Welfare Fund | $78,010.00 |
| Liquidated Damages | $10,635.13 |
| Interest | $ 6,392.48 |
| Pension Fund | $52,422.80 |
| Liquidated Damages | $ 7,262.09 |
| Interest | $ 4,233.64 |
| Training Fund | $ 1,914.19 |
| Liquidated Damages | $ 269.65 |
| Interest | $ 152.18 |
| Dues | $ 6,591.18 |
| Liquidated Damages | $ 659.12 |
| LDCLMCC | $ 1,211.16 |
| Liquidated Damages | $ 121.12 |
| Interest | $ 100.53 |
| CAICA | $ 807.44 |
| Liquidated Damages | $ 80.74 |
| Interest | $ 67.02 |
| LECET | $ 504.66 |
| Liquidated Damages | $ 50.47 |
| Interest | $ 41.89 |
| Accumulated Liquidated Damages For late paid May through August 2007 benefits reports | $ 4,863.54 |
| TOTAL | $176,391.03 |

A true and accurate copy of the audit is attached hereto as Exhibit D-9. A true and accurate copy of my audit summary sheet is attached hereto as Exhibit D-10.

9. The cost of the audit of Company 1 was $1,445.00.

10. An audit of Company 2's books and records was conducted for the time period of October 1, 2007 through December 31, 2007. The audit revealed the following delinquencies:

| | |
|---|---|
| Welfare Fund | $5,750.36 |
| Liquidated Damages | $1,150.07 |
| Interest | $ 150.56 |
| Pension Fund | $4,098.12 |
| Liquidated Damages | $ 819.62 |
| Interest | $ 107.31 |
| Training Fund | $ 158.73 |
| Liquidated Damages | $ 31.75 |
| Interest | $ 4.17 |
| Dues | $ 659.17 |
| Liquidated Damages | $ 65.92 |
| LDCLMCC | $ 86.58 |
| Liquidated Damages | $ 8.66 |
| Interest | $ 2.28 |
| CAICA | $ 57.72 |
| Liquidated Damages | $ 5.77 |
| Interest | $ 1.50 |
| LECET | $ 36.08 |
| Liquidated Damages | $ 3.61 |
| Interest | $ 0.95 |
| Accumulated Liquidated Damages For late paid November, 2007 and January through March, 2008 benefits reports | $3,068.52 |
| TOTAL | $16,267.45 |

A true and accurate copy of the audit is attached hereto as Exhibit D-11. A true and accurate copy of my audit summary sheet is attached hereto as Exhibit D-12.

11. The cost of the audit of Company 2 was $600.00.

12. The total amount owed by Company 1 and Company 2 as set forth above in this Affidavit is $194,703.48.

FURTHER AFFIANT SAYETH NAUGHT.

*Joseph Gilleran*
Joseph Gilleran

Subscribed and sworn to before me this 17th day of June, 2008.

*Susan M. Diforti*
Notary Public

"OFFICIAL SEAL"
Susan M. Diforti
Notary Public, State of Illinois
My Commission Expires Oct. 5, 2008

6



# HEADQUARTERS OF
# Construction & General Laborers'
# District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A. F. of L. - C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, 1094

Joseph A. Lombardo, Jr.
Secretary-Treasurer

Ernest Kumerow
President
Business Manager

## LABORERS' INTERIM COLLECTIVE BARGAINING AGREEMENT

ORLOWSKI CONST.

It is hereby stipulated and agreed by and between _____ herein called the "EMPLOYER," and the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION," representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092 and 1094, and encompassing the geographical areas of the Counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

WHEREAS the Mid-America Regional Bargaining Association (MARBA) on behalf of the Employer Associations it represents in area wide bargaining and the UNION have not reached a bargaining agreement to be effective June 1, 1991 and

WHEREAS the parties to this Agreement seek to promote continued employment in the industry, prevent interruption of work, strikes, picketing and inconvenience to the public.

It is therefore agreed as follows:

1. EMPLOYER, in response to the UNION's claim that it represents an unconfirmed majority of each EMPLOYERS' laborer employees, acknowledges and agrees that there is no good faith doubt that the UNION has been authorized to and in fact does represent such majority of laborer employees. Therefore, the UNION is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed at the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board conducted election.

2. The EMPLOYER acknowledges that he was bound to all terms and conditions of the Collective Bargaining Agreement between the UNION and the Associations as applicable to him which expired at 12:00 midnight, May 31, 1991, and hereby reaffirms his continuing obligation with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are not inconsistent with the provisions of this Agreement, and hereby agrees to the changes in the Agreement between the UNION and the Associations and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the UNION and the applicable Association. Said contracts are specifically incorporated by reference and made a part hereof. In the event of a conflict the Interim Agreement shall supersede and control.

3. The Collective Bargaining Agreement between the UNION and Associations (effective on June 1, 1991, and all subsequent amendments thereto) are incorporated herein as if they were set forth in full. The EMPLOYER agrees to be bound by the terms of the applicable Association bargaining agreement for the life of the negotiated agreement upon its ratification and acceptance.

4. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, Chicagoland Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractors Association, Association of Wall and Ceiling Contractors of Lake County, Fox Valley-General Contractors Association, Contractors Association of Will and Grundy Counties, and all other associations with whom the District Council or any of its affiliated local unions has a duty negotiated agreement, and re-establishes all agreements from June 1, 1991, together with all amendments thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Interim Agreement.

5. The EMPLOYER agrees to pay the amounts which he/it is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and LABORERS' TRAINING FUND, and to become bound by and be considered a party to the Agreements and the Declarations of Trust creating said Trust Funds as if (he/it) had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid in the Welfare, Pension and Training Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreements and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

6. Employees covered by this Interim Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by a collective bargaining agreement with the Laborers' District Council of Chicago and Vicinity. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

7. Employer agrees to pay an increase of Seventy Five ($.75) Cents per hour in wages to equal $18.00 per hour in wages for the period June 1, 1991 to May 31, 1992 and thereafter such amounts the UNION may allocate in its sole discretion for the period June 1, 1991 to May 31, 1992. EMPLOYER agrees to pay the present contribution rates of $1.97 welfare and $1.00 pension plus such additional sums as the UNION notifies EMPLOYER are due and owing.

8. In order to secure observance of the provisions of this Agreement, each job may at the UNION'S sole discretion have a steward who shall be the second man on the job. On any job which may employ two (2) or more Laborers at any time during the duration of the project, the steward shall be placed and appointed by the Business Manager of the UNION in whose jurisdiction the project is located.

On projects that will not exceed five (5) laborers at any time during the project, the Business Manager in whose jurisdiction that project is located may in the UNION's sole discretion appoint a steward from the existing work force. If a dispute arises on the project involving a conduct violation, the Business Manager shall place a steward on the project as a replacement.

Such steward shall be subject to the same terms of employment as any other Employee, but taking into consideration that the steward should be present during all working hours, all possible overtime work shall be assigned to all stewards, if the stewards do not replace another Laborer from that other Laborers' previously assigned duties and shall be the second to the last employee laid off on the project.

9. In the event of any change in the ownership, management or operation of the Employer's business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the Employer, whether corporate or otherwise.

10. That this document is the complete written agreement between the parties and can only be amended in writing by the parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary the terms of the written contract.

11. In the event subsequent negotiations between the Associations and the UNION increase the benefits beyond those provided in this Agreement, then all additional benefits shall be paid retroactive to June 1, 1991. If, however, the Agreements between the Associations and the UNION, requires payment of less than that required herein, then neither the UNION, the Funds nor the employees shall be required to reimburse the Employer for any monies paid pursuant to the terms of this Interim Agreement. It is further understood and agreed that, should the negotiations between the UNION and the applicable Association result in an economic settlement, in excess of the amount provided for by this Agreement, then this Agreement shall be automatically amended to provide for any such additional increases.

12. This Agreement shall become effective at 12:01 a.m. June 1, 1991 and shall remain in full force and effect until 12:00 midnight, May 31, 1992 or the length of the newly negotiated Association area wide contract, whichever is longer, and shall continue thereafter unless there has been given not less than sixty (60) nor more than ninety (90) days written notice by registered or certified mail prior to expiration by either party hereto of the desire to modify, amend or terminate this Agreement through negotiations. In the absence of such notice the Employer and the UNION agree to be bound by the new area wide negotiated contracts with the applicable Association incorporating them into this Interim Agreement and extending this Agreement for the life of the newly negotiated contracts.

13. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good valuable consideration, this Agreement was entered into

this _____ day of _____ 199__.

ACCEPTED:

Laborers' Local Union No. _____

By: _____

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____

By: _____
Joseph A. Lombardo, Jr. Secretary-Treasurer

ORLOWSKI CONSTR. INC.
ANDREW / PRESIDENT
9147 DAMEN AVE.
(312) 384-6209

TRUST FUND



EXHIBIT D-1

# CONSTRUCTION & GENERAL LABORERS
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
AFFILIATED WITH THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA

999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8209 • FAX: 630/655-0853

### INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **ORLOWSKI COMPANY INC** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer recognizes the Union as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment. If majority recognition previously was granted under Section 9(a) of the Act, it shall remain in effect. Otherwise, recognition under Section 9(a) of the Act shall automatically be granted to the Union without the need for a Board certified election upon the Union's demonstration that a majority of the employees have designated the Union as their exclusive bargaining representative. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension hereof, without written approval from the Union. The Employer shall abide by this Agreement, and all extensions hereof, provided that it employs at least one Laborer during the term of this Agreement or the term of any extension hereof.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $2.90 per hour effective June 1, 2006; $3.00 per hour effective June 1, 2007; $3.00 per hour effective June 1, 2008 and $3.10 per hour effective June 1, 2009, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2006, the minimum wage rate shall be $31.55 per hour.

4. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in the amount of 1.75% of gross wages or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. If the Employer contracts or subcontracts any such covered work to any person or proprietor who is not signatory to this Agreement, the Employer shall require such subcontractor to be bound by all the provisions of this Agreement, or the Employer shall maintain daily records of the subcontractor's or the subcontractor's employees jobsite hours and be liable for payment to the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund, and the Construction and General Laborers' District Council of Chicago and Vicinity Joint Apprentice and Training Trust Fund. The Employer shall further assume the obligations of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the employer trustees who shall, together with their successor trustees, carry out the terms and conditions of the trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept the facsimile signatures on this Agreement as if they were the original signatures.

Dated: **MAY 1**, 20**07**.

ACCEPTED:
Laborers' Local Union No. **6**

By: _____
CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
James P. Connolly, Business Manager

By: _____
Frank Riley, President & Secretary-Treasurer

For Office Use Only: _____

Effective June 1, 2006   WHITE - LOCAL UNION   •   CANARY - TRUST FUND   •   PINK - DISTRICT COUNCIL   •   GOLD - EMPLOYER

34 N6
**ORLOWSKI COMPANY INC**
(Employer)
FEIN No. **35-2272127**

By: **EWA ORLOWSKI**
(Print Name and Title)

_Ewa Orlowski_
(Signature)

**2524 W. HURON ST.**
(Address)

**CHICAGO ILL 60612-1105**
(City, State and Zip Code)

**773-988-0658**
(Telephone/Telefax)

RECEIVED JUL 20 2007 FIELD DEPT.

EXHIBIT D-2