AGREEMENT AND DECLARATION OF TRUST
ESTABLISHING
THE CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY
TRAINING TRUST FUND

THIS AGREEMENT AND DECLARATION OF TRUST, made and entered into as of the 1st day of June, 1986 by and between THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, A.F.L.-C.I.O., representing its affilated Local Unions and the members thereof (the "Council") and the BUILDERS' ASSOCIATION OF CHICAGO, the UNDERGROUND CONTRACTORS ASSOCIATION, and the ILLINOIS ROAD BUILDERS' ASSOCIATION, and all other employer associations (the "Associations") who have hereto bargained or may hereafter bargain or enter into collective bargaining agreements or other agreements with the Union, its local affiliates, or with representatives of this Trust, for and on behalf of themselves and their respective members who by virtue of their said membership or otherwise are parties to collective bargaining agreements with the Union or any of its local affiliates or are parties to this Agreement or are otherwise bound to the provisions hereof as hereinafter provided, and other employers in the building and construction industry who may not be members of any association but who are included in the term "Employers" (as defined in Section 2 of ARTICLE I) and agree to be bound by this Agreement or who are otherwise so bound as provided as set forth in Section 2 of ARTICLE I;

WITNESSETH:

(1)  The Employers are parties to a collective bargaining agreement, or supplements thereto, with the Council which requires

-1-

EXHIBIT
D-6
tabbies

Employer contributions of a certain sum per hour per Employee to a training fund provided in a program to be created for participating employees and established by this trust agreement.

(2) the parties have agreed that such contributions shall be payable to and be deposited in the Trust Fund created and established by this Trust Agreement.

NOW, THEREFORE, in consideration of the premises and in order to establish and provide for the maintenance of said Trust Fund to be known as "THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING TRUST FUND" hereinafter referred to as the "Trust Fund," it is mutually understood and agreed as follows.

ARTICLE I

Definitions

Unless the context or subject matter otherwise requires, the following definitions shall govern in this Trust Agreement.

Section 1.  WRITTEN AGREEMENT

The term "Written Agreement" shall mean any agreement in writing which specifies the detailed basis on which contributions shall be made to this Trust together with any modification, amendment or renewals thereof, including but not limited to Collective Bargaining Agreements, memoranda of understanding which incorporate by reference Collective Bargaining Agreements or this Agreement, report forms in accordance with which contributions are made and which obligate the Employer to the provisions of this Agreement, or any other agreement obligating the Employer signatory thereto to participate in or be bound by this Agreement.

-2-

## Section 2.  EMPLOYER

The term "Employer" as used herein shall mean any Employer who:

(a) now or hereafter is a party to a Collective Bargaining Agreement with the Council, or any of its local affiliates, requiring periodic contributions to the Fund or who in the past has been a party to such a Collective Bargaining Agreement, if such agreement has not been terminated by its terms or by operation by law;

(b) is a party to any memorandum of understanding or memorandum of agreement or similar instrument with the Union, or any of its local affiliates, which by its terms incorporates by reference a complete Collective Bargaining Agreement which requires the parties therto to make contributions to the Fund.

(c) in writing adopts and agrees to be bound by the terms and provisions of this Agreement as the same may be amended or modified from time to time, or

(d) is a party to any written instrument which evidences an agreement to be bound by the provisions of this Agreement, including but not limited to, a contribution report form listing the employees on whose behalf contributions are remitted and provisions expressly binding such Employer to the Agreement or otherwise evidencing such Employer's intention to be so bound by the making of such contributions;

(e) by any course of conduct, including but

not limited to, oral representations to Employees, representatives of the Council, Trustees, attorneys or other persons, ratifies or accepts the provisions of any Collective Bargaining Agreement which requires contributions to the Fund continued hereby or of this Agreement itself, or of any other written instrument which binds such Employer to make contributions to the Fund, or is estopped to deny such obligation;

(f)  is a member of any of the Associations, or hereafter becomes a member of any of the Associations, named herein or who was a member at any time when representatives of said Associations commenced negotiations of the current Collective Bargaining Agreement on behalf of its members whether or not said membership is held current at all times; or

(g)  is a member of any other multi-employer bargaining unit, or hereafter becomes a member of any of said multi-employer bargaining units, which has a Collective Bargaining Agreement with the council, whether formalized or existing solely as a matter of custom and practice.

The term "Employer" shall also mean the Council, for the purpose of providing benefits hereunder for the eligible Employees of the Council for whom the Council is obligated to contribute to the Trust Estate.

The term "Employer" shall also mean the Board of Trustees for the purpose of providing benefits hereunder for the eligible

Employees of the Trust for whom the Trust shall make contributions to the Fund.

A person or entity that has become an Employer under this Agreement shall continue as such until it is no longer obligated pursuant to a Written Agreement or other legally enforceable obligation to make contributions to the Fund.

Section 3. EMPLOYEE. The term "Employee," as used herein, shall mean any of the following persons without regard to race, color, creed, national origin, religion or union membership.

(a) any person covered by a Collective Bargaining Agreement between an Employer and the Council or any of its local affiliates who is engaged in employment with respect to which the Employer is obligated by the Collective Bargaining Agreement to make contributions to the Fund.

(b) any person employed by an Employer who performs work within the jurisdiction of the Council as said jurisdiction is set forth in any applicable Collective Bargaining Agreement or by any custom or practice in the geographic area within which the Employer operates and his Employees perform work;

(c) any person on whose behalf an Employer has made contributions to the Fund and has reported same on a standard report form which contains a provision binding said Employer to the provisions of this Agreement or otherwise evidencing said Employer's intent to be so bound.

(d)  any person employed by an Employer who has signed any memorandum of understanding incorporating by reference the provisions of any applicable Collective Bargaining Agreement or the provisions of this Agreement where such person is covered by such agreements to incorporate by reference or both;

(e)  any person who is not covered by a Collective Bargaining Agreement but on whose behalf his Employer is otherwise obligated to make contributions to the Fund in accordance with the provisions of this Agreement who performs work which would be work performed by members of a bargaining unit recognized by the Employer or certified by the National Labor Relations Board if said person's Employer were a party to any of the standard Collective Bargaining Agreements by and between the Council and any of the aforementioned Assocations; or

(f)  any Employee in a certified or recognized collective bargaining unit represented by the Council.

The term "Employee" shall also mean all eligible persons employed by the Council, on whose behalf the Council shall make payments to the Fund at the times and at the rate of payment equal to that made by any other Employer who is a party to this Agreement.

The term "Employee" shall also mean all eligible persons employed by the Trust on whose behalf the Board of Trustees shall make payments to the Fund, out of the assets of that Fund at the times and at the rate of payment equal to that made by any other

Employer who is a party to this Agreement.

Section 4.  FUND.  The term "Fund" as used herein means the trust estate of the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING TRUST FUND, which shall consist of properties or interest therein, all investments made and held by the Trustees and the income therefrom, all monies received by the Trustees as Employer contributions made and held by the Trustees for the uses, purposes and trusts set forth in this Agreement.  Whenever the term "Fund" is used in this Trust Agreement, and with particular reference to Article IV, Section 11 herein, the same shall be limited to "Funds" that have been determined to be Exempt Organizations pursuant to Section 501(c) and its subparts of the Internal Revenue Code.

Section 5.  TRAINING PROGRAM.  The term "Training Program" as herein used means the Plan or Program, or both, created and directed by the Trustees of the Fund, and any modification, amendment, extension or renewal of said Plan or Program.

Section 6.  TRUSTEES.  The term "Trustees" as used herein means the Trustees as designated in Section 1, Article III of this Agreement, together with their successors designated in the manner as hereinafter provided.

ARTICLE II

Creation, Purpose and Applications of the Trust Fund

Section 1.  The fiscal year of this Fund shall be from June 1, through May 31.

Section 2.  There is hereby created the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

TRAINING TRUST FUND, and the Council and the Employers do hereby accept and agree to be bound by the provisions of this Agreement and Declaration of Trust. The scope of any such education and training program shall be within the sole discretion of the Trustees.

Section 3. This Trust Fund is created for the benefit of the construction industry and to help meet its manpower needs by providing and maintaining training or retraining programs for the benefit of the employees, or persons who wish to become employees, for the purpose of performing work which falls within the jurisdiction of the Council as set forth in the written collective bargaining agreements, and to devise and implement such programs as may be necessary from time to time to fulfill said objectives.

Section 4. Neither the Employers, any signatory association, any individual Employers, the Council, any employee or trainee nor any person shall have any right, title or interest in the Fund other than as specifically provided in this Agreement, and no part of the Fund shall revert to the Employers nor any signatory association, nor any individual Employer. Neither the Fund nor any contributions to the Fund shall be in any manner liable for or subject to the debts, contracts or liabilities of the Employers, any signatory association, any individual Employer, the Council, a beneficiary, nor any employee. No part of the Fund, nor any benefits payable in accordance with the Training Program shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or charge by any person.

Section 5. Neither the Employers, the Council nor any

signatory association, nor any officers, agent, employee or committee member of the Employers, or of any signatory association shall be liable to make contributions to the Fund or be under any other liability to the Fund or with respect to the Training Program, except to the extent that he may be an individual Employer required to make contributions to the Fund with respect to his or its own individual or joint venture operations, or to the extent he may incur liability as a Trustee, as hereinafter provided. The liability of any individual Employer to the Fund, or with respect to the Training Program shall be limited to the payments required by any written agreement with respect to his or its individual or joint venture operations, and in no event shall he or it be liable or responsible for any portion of the contributions due from other individual Employers with respect to the operations of such Employers. The individual Employers shall not be required to make any further payments or contributions to the cost of the operations of the Fund or of the Training Program, except as provided in Section 8 of this Article.

Section 6. Neither the Employers, any signatory association, any individual Employer, the Council, nor any employee shall be liable or responsible for any debts, liabilities or obligations of the Fund or the Trustees.

Section 7. Contributions to the Fund shall be due and payable to the principal office of the Fund and shall be made in regular monthly installments except as otherwise herein provided in Section 9 of this Article II. Each contribution to the Fund shall be made promptly, and in any event on or before the 10th day

of the calendar month in which it becomes due and payable.  Each monthly contribution shall include all payments which have accrued in the interim for work performed up to the close of the Employer's payroll period ending closest to the last day of the preceding calendar month.  Each monthly contribution shall be accompanied by a report in a form prescribed by the Board of Trustees.

Section 8.  The parties recognize and acknowledge that the regular and prompt payment of Employer contributions and reports to the Fund are essential to the maintenance of the Fund and that it would be extremely difficult, if not, impracticable, to fix the actual expense and damage to the Fund and to the Training Program which would result from the failure of an Employer to pay such monthly contributions in full within the time provided above. Therefore, if any Employer is delinquent in remitting its contributions within the time specified in Section 7 of this Article, the amount of damage to the Fund and Training Program resulting from failure to make reports or pay contributions within the time above specified shall be presumed to be the sum of ten percent (10%) of the amount of the contribution due for each delinquent report or contribution.  This amount shall be added as liquidated damages upon the day immediately following the date on which the report or the contribution or contributions become delinquent.  Delinquent contributions and penalties shall also bear interest at a rate up to the prime rate of interest as recog-nized by the First National Bank of Chicago or such other lawful amount as determined by the Trustees from the due date until

delinquency is totally satisfied. The Trustees, however, in their discretion, for good cause (Trustees shall have sole right to determine what shall constitute good cause) shall have the right and power to waive all or any part of any sums due the Fund as liquidated damages. Failure by any Employer to make the required payments hereunder shall be deemed a breach of the written agreement by the Employer and be subject to economic action by the Council in addition to the other remedies as provided herein. The Trustees may, at their option, also take legal action to collect all delinquent amounts owing to the Fund, and parties agree that if the delinquent account of any Employer is referred to an attorney for collection, such Employer shall immediately become liable for a reasonable sum for the attorneys' fee together with an amount equal to all costs incurred by the Trustees in commencing or prosecuting legal action in any Court. In such legal action, venue shall be laid at Cook County, Illinois, as the Fund is administered in such county.

Section 9. In the case of certain Employers who have defaulted on payments in the past, or who otherwise give the Trustees reasonable cause to feel insecure as to future contributions, the Trustees shall have the power to require a bond for the payment of contributions.

## ARTICLE III

### Board of Trustees

Section 1. Except as otherwise specifically provided, the Fund shall be operated and administered by a Board of Trustees whose membership shall consist of three persons appointed as trustees by the Association (known as the "Association Appointed

Trustees") as provided in Section 2 next below and three persons appointed as Trustees by the Council (known as the "Council Appointed Trustees") as provided in Section 3 next below.

Section 2.  ASSOCIATION APPOINTED TRUSTEES.  The Association Appointed Trustees shall be the following persons appointed by the entity indicated:

(a)  WILLIAM B. BARNARD, appointed by the Builders' Association of Chicago;

(b)  GERARD KENNY, appointed by The Underground Contractors' Association; and

(c)  JOSEPH PALUMBO, appointed by the Illinois Road Builders Association.

Section 3.  COUNCIL APPOINTED TRUSTEES  The Council Appointed Trustees shall be:

(a)  ERNEST KUMEROW, Laborers' District Council of Chicago and Vicinity;

(b)  VAL LAZZARETTO, Laborers' Local No. 152; and

(c)  FRANK ZIEMANN, Laborers' Local No. 6.

Section 4.  ACCEPTANCE OF TRUSTEES.  The Association Appointed Trustees, the Council Appointed Trustees and each of them by affixing their respective signatures to this Agreement accept their trusteeship hereunder.

Section 5.  TERM OF TRUSTEES.  Subject to the provisions of this Article, each of the Council Appointed and Association Appointed Trustees shall serve for a term of three (3) calendar years.

**SECTION 6. ADDITIONAL TRUSTEES.** The parties to this Agreement reserve the right to increase the number of Trustees; provided, however, that there shall always be an equal number of Council Appointed Trustees and Association Appointed Trustees authorized.

**SECTION 7.** Each Trustee shall serve until termination of his appointment, his death or his resignation.

**SECTION 8.** A Trustee may resign at any time by serving written notice of such resignation upon the Chairman and the Secretary Treasurer of the Board of Trustees and upon the Employers or the Council said Trustees represents.

**SECTION 9.** Any Trustee who resigns or whose appointment has been terminated shall forthwith turn over to the Chairman or Secretary-Treasurer of the Board of Trustees at the principal office of the Fund any and all records, books, documents, monies and other property in his possession or under his control which belong to the Fund or which were received by him in his capacity as Trustee.

**SECTION 10.** The appointment of any Employer Trustee may be terminated at any time, for any reason, by an instrument in writing signed by the Association and served on the Trustee, the Chairman and Secretary-Treasurer of the Board of Trustees; and the Council Trustees may be terminated at any time, for any reason, by an instrument in writing and bearing the Council Seal, signed by the President or Secretary of the Local Union said Trustee represents and served on said Trustee, the Chairman and Secretary-Treasurer of the Board of Trustees.

Section 11.  If any Employer Trustee dies, resigns, or has his appointment terminated, a successor Trustee shall be appointed forthwith by an instrument in writing signed by the Employer Association.  If any Council Trustee dies, resigns or has his appointment terminated, a successor Trustee shall be appointed forthwith by an instrument in writing, bearing the Council Seal and signed by the President or Secretary of the Local Union said Trustee represented.  Any successor Trustee so appointed shall sign this Agreement or duplicate thereof, and such signature shall constitute his acceptance of office and agreement to act under and be subject to all the terms and conditions of this Trust Agreement.

Section 12.  The powers of the remaining Trustees to act as herein provided shall not be impaired or limited in any way pending the designation of a successor to fill any vacancy.

Section 13.  The Trustees shall serve without compensation from the Trust Fund except for reimbursement of reasonable expenses incurred under specific authority granted by the Board of Trustees from time to time as such expenses are incurred by said Trustees.

ARTICLE IV

Functions and Powers of the Board of Trustees

Section 1.  The Trustees shall have the power and duty to administer the Fund and to supervise the administration and maintenance of the Training Program; provided further, that, in the Trustees' sole discretion, they may employ or designate an administrator or other persons to whom may be delegated duties and

responsibilities in connection with the administration of said Program. The Board shall devote all the assets of the Fund to the purpose of educating and training persons or employees who are covered or may be covered by written collective bargaining agreements to the end that an adequate supply of skilled persons are available to cover the jobs of the Employers. The extent and type of such program and the courses or training offered shall lie within the exclusive jurisidiction of the Trustees.

Section 2. The Board of Trustees shall have the power to construe all ambiguous or doubtful provisions of this Agreement and the terms used herein, and any construction adopted by the Board of Trustees in good faith shall be binding upon the Council, employees, the signatory Employer (association or individuals), and Program personnel.

Section 3. The Board of Trustees shall collect and receive all contributions due to the Fund, and shall promptly deposit such contributions in a special Trust Fund account or accounts established in reputable, Federally-insured banks and/or savings and loan institutions, located in the State of Illinois.

Section 4. The Board of Trustees shall have the power to demand and enforce the prompt payment of contributions to the Fund, and the payment of reimbursement for expenses and damages due to delinquencies as hereinabove provided. The Trustees may take such steps, including the institution and prosecution of, or the intervention in any procedures at law, in equity or bank-ruptcy, as may be desirable to accomplish the collection of such contributions.

**Section 5.**  The Board of Trustees shall use the monies available in the Fund to provide the creation and maintenance of the Program.

**Section 6.**  The Board of Trustees shall have the following powers:

A.  To pay out of the Fund the reasonable and necessary expenses incurred in the establishment of the Fund and the Training Program.

B.  To establish and accumulate such reserve funds as may be deemed adequate to provide for administration expenses and other obligations of the Fund, including the maintenance of the Program.

C.  To employ such executive, consultant, administrative, clerical, secretarial and legal personnel and other employees and assistants as may be necessary in connection with the administration of the Fund; to pay the compensation and necessary expenses of such personnel and assistants and the costs of office space, furnishings, supplies and services, and other essentials required for the proper administration of the Fund.

D.  To incur and pay out of the Fund any other expenses necessary to the proper administration of the same or the Program and to enter into all contracts which in the discretion of the Trustees are deemed necessary and suited to the Program.  All such contracts shall be executed in the name of the Fund.

E.  To compromise, settle, or release claims or demands in favor or against the Fund on such terms and conditions as the Board may deem desirable.

F.  To invest and reinvest such portion of the Fund as is not

required for current expenditures and charges in such institutions
or interest-bearing investments as are legal for investment of
Trust Funds under the laws of the State of Illinois.

G.  **Investment Manager.**  In the event that the Board of
Trustees appoints an investment manager to invest all or any of
the assets of the Trust Fund, the investment manager shall have
all the powers granted to the Trustees with respect to the assets
of the Trust Fund, and the Board of Trustees and any Corporate
Trustee (unless the Corporate Trustee is the investment manager)
shall be relieved of all liability with respect to the management
and investment of such assets so long as any such investment
manager is retained.  For the purposes of this paragraph the term
"investment manager" shall mean any party that:

(1)  is registered as an investment broker under the
     Investment Advisors Act of 1940, is a bank, or is
     an insurance company qualified to manage, acquire
     and dispose of plan assets under the laws of more
     than one state;

(2)  acknowledges in writing that it is a fiduciary with
     respect to the CONSTRUCTION AND GENERAL LABORERS'
     DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING
     TRUST FUND; and

(3)  is granted the power to manage, acquire or dispose of
     any asset of the Trust Fund pursuant to this section.

**Section 7.**  The Trustees may adopt and promulgate such rules
and regulations not inconsistent with the terms hereof as may in
their discretion, be proper or necessary for the sound and

efficient administration of the Fund.

Section 8. The Board of Trustees shall procure fidelity bonds for each Trustee or other person authorized to receive, handle, deal with or draw upon the monies in the Fund for any purpose whatsoever as may be required by law, said bonds to be in such reasonable amount and to be obtained from such duly authorized surety company as the Board shall determine. The cost of the premiums on such bonds shall be paid out of the Fund. The Trustees may also, as the need may arise, procure and maintain in force adequate public liability insurance covering premises occupied by the Trust and motor vehicles, if any, operating in the course of Trust affairs. The cost of such insurance shall also be paid out of the Fund.

Section 9. All Employers and signatory associations participating in or making contributions to the Fund shall make such reports and statements to the Trustees with respect to the amount and calculations of any and all contributions, or with respect to any other matter pertinent to the establishment, maintenance and administration of the Program and Fund as the Trustees may deem necessary or desirable. The Trustees may, at reasonable times and during normal business hours, audit or cause the audit or inspection of the records of any Employers, signatory association, individual Employers, or any employees which may be pertinent in connection with said contributions and/or reports and insofar as may be necessary to accomplish the purposes of this Trust Agreement. In the event such audit shall disclose that any Employer is in default in the payment of his contributions to the

Fund, or if such audit shall be made by reason of the failure of any Employer to submit reports as required by the Trustees, the individual Employer shall, upon demand, pay the Fund the actual cost of such audit.

Section 10. The books of account and records of the Board of Trustees, including the books of account and records pertaining to the Fund shall be audited at least once each year by a qualified certified public accountant to be selected by the Board. The Board shall also make all other reports required by law. A statement of the result of the annual audit shall be available for inspection by interested persons at the principal office of the Fund and at such other suitable places as the Board may designate from time to time. Copies of such statement shall also be delivered upon request to the Employer, the Council and each Trustee within a reasonable time after said statement is prepared and a copy of such statement shall, at all times, be available for inspection by interested persons at the principal offices of the Fund.

Section 11. Compatible with equitable principles and to the extent that sound accounting practices permit, the Board may coordinate its activities in the administration of the Fund with the administrative activities of the governing Board or Boards of any other Fund or Funds established or to be established for employees in the construction industry and any other industry that may from time to time be a signatory to a collective bargaining agreement with the Council, to such extent and upon such terms as may be deemed necessary or desirable by the Board, including

entrance into and performance of agreements or arrangements with any such Board or Boards providing for reciprocity, or transfer or exchange of monies between or among funds of the same type, or upon such terms as the Board may determine are for the best interests of the administration of the Fund.

## ARTICLE V

### Procedure of Board of Trustees

**Section 1.** The Board of Trustees shall determine the time and place for regular periodic meetings of the Board, but not less than annually. Either the Chairman or the Secretary-Treasurer or any two (2) members of the Board may call a special meeting of the Board, provided written notice is given to all other Trustees of the time and place of such meeting at least five (5) days before the date set for the meeting. Any meeting at which all Trustees are present in person shall be a valid meeting without the giving of any notice.

**Section 2.** The Trustees shall annually elect a Chairman and a Secretary-Treasurer one of whom shall be a Union Trustee and the other of whom shall be an Employer Trustee. The Chairman and Secretary-Treasurer shall be elected from among the Trustees by majority vote of the Trustees.

**Section 3.** All meetings of the Board shall be held in Chicago, Illinois unless another place is designated from time to time by the Board.

**Section 4.** The Secretary-Treasurer shall keep minutes or records of all meetings, proceedings and acts of the Board. Such minutes need not be verbatim.

<u>Section 5.</u>    The Chairman shall preside over all meetings of the Board except in his absence the Secretary-Treasurer shall preside.

<u>Section 6.</u>    In all meetings of the Trustees there shall be at least three (3) Trustees including at least one (1) Trustee from the Association Appointed Trustees and at least one (1) Trustee from the Council Appointed Trustees present before a quorum can be established to transact business.    At any meeting of the Board of Trustees the number of votes of Employer appointed Trustees and the number of votes of Council Trustees shall always be equal. If, at a meeting of the Trustees, there are fewer Employer Trustees present than Council Trustees, or if there are fewer Council Trustees present than Employer Trustees, the number of votes for the side with the fewer number of Trustees present shall be increased in order that each side has an equal number of votes. Such votes shall be referred to as "equalizing votes" and shall be cast as follows:

The manner in which such "equalizing votes" are cast shall be decided by a majority vote of the Trustees from that side who are present.    In the event of a tie vote by such side in deciding how to cast such "equalizing votes", such "equalizing votes" shall be deemed to have abstained from voting.    Such "equalizing votes" are for the purpose of providing equal Employer and Council Trustee voting at meetings of the Trustees consistent with Section 302 of the Labor-Management Relations Act and in no event shall such "equalizing

vote" be considered to have been cast by the Trustee
absent.  A Trustee abstaining from voting is deemed
to have voted, and his vote may not be cast by another
Trustee.

Section 7.  All action by the Trustees shall be by a majority
ecision of the Trustees present, and such majority vote shall
overn not only this Article, but any portion of this Agreement
nd eclaration of Trust which refers to action by the Trustees.
n the event any matter presented for decision cannot be decided
ecause of a tie vote, or because of the lack of a quorum at two
2) consecutive meetings, the matter may then be submitted to
rbitration as provided hereinafter.

Section 8.  Upon any matter which may properly come before
he Board of Trustees, the Board may act in writing without a
eeting, provided such action has the written concurrence of all
he Trustees.

ARTICLE VI

## General Provisions Applicable to Trustees

Section 1.  No party who has verified that he or it is
ealing with the duly-appointed Trustees, or any of them, shall be
bligated to see the application of any monies or property of the
und, or see that the terms of this Agreement have been complied
ith, or to inquire as to the necessity or expediency of any act
f the Trustees.  Each instrument executed by the Board of
rustees or by its direction shall be conclusive in favor of every
erson who relies upon it, that (a) at the time of the delivery of
he instrument this Trust Agreement was in full force and effect,

(b) the instrument was executed in accordance with the terms and conditions of this Agreement, (c) the Board was duly authorized to execute the instrument or direct its execution.

Section 2.  The duties, responsibilities, liabilities and disabilities of any Trustee under this Agreement shall be determined solely by the express provisions of this Agreement and no further duties, responsibilities, liabilities or disabilities shall be impaired or imposed.

Section 3.  The Trustees may delegate only ministerial powers or duties to regularly chosen agents or employees.  No Trustee shall incur any liability for simple negligence, oversight, or carelessness in connection with the performance of his duties as such Trustee.  The Trustee serving on the Board of Trustees shall not be personally liable by virtue of any instrument executed by the Board of Trustees or on its behalf in connection with the administration of the Trust, or for any mistake of judgment made by the Board of Trustees or any of the Trustees, or by anyone employed by the Employer or the Council, or for any loss unless resulting from any individual Trustee's own gross negligence or willful misconduct in connection with the administration of the Trust.  The Board of Trustees and the Trustees constituting it shall be indemnified by the Fund against any judgment and/or settlement, as well as any expenses reasonably incured by it or them in connection with any action to which it or they may be a party by reason of its or their duties in the administration of the Trust.  The foregoing right of indemnification shall be in addition to any other rights to which the Trustees constituting

the Board of Trustees may be entitled as a matter of law. Irrespective of the other provisions of this Paragraph, no fiduciary shall be relieved from any responsibility or liability for any responsibility, obligation, or duty under Title I, Subtitle B, Part 4 of ERISA.

**Section 4.** Neither the Employers, any signatory association, the individual Employers nor the Council shall be responsible or liable for:

A. the validity of this Trust Agreement or the activities of the Training Program;

B. the form, validity, sufficiency or effect of any contract which may be entered into;

C. any delay occasioned by any restriction or provision in this Trust Agreement, the rules and regulations of the Board of Trustees issued hereunder, any contract entered into in the course of the administration of the Fund, or by any other proper procedure in such administration; provided, however, that this clause shall not excuse any violation of any written agreement.

D. the making or retention of any deposit or investment of the Fund, or any portion thereof, or the disposition of any such investment, or the failure to make any investment of the Fund, or any portion thereof, or any loss or diminution of the Fund, except as to the particular person involved, such loss as may be due to the gross neglect or willful misconduct of such person.

**Section 5.** Neither the Employers, nor signatory association nor any individual Employer nor the Council shall be liable in any respect for any of the obligations or acts of the Trustees because

such Trustees are in any way associated with any such Employers, signatory association, individual Employer or Council.

Section 6.  TITLE TO PROPERTY.  Title to all property held hereunder shall vest in any sucessor Trustee and the other Trustees then acting from time to time pursuant to the provisions hereof without the execution or filing of any further instruments.

Section 7.  BONDING.  The Trustees acting under this Plan shall be required to furnish bond for the faithful performance of their duties in the amount and to the extent as set forth by the Department of Labor Regulations as amended from time to time.

ARTICLE VII

Arbitration

Section 1.  Any deadlock arising with reference to the administration of the Fund shall be referred to an impartial arbitrator chosen by joint action of the Employer's Trustees and the Council Trustees.

Section 2.  If the impartial arbitrator cannot be agreed upon within ten (10) days, or within such further time as the Trustees may allow for such purpose of mutual agreement, then the presiding Judge of the United States District for the Northern District of Illinois, Eastern Division, shall be called upon to name the impartial arbitrator.  The matter in dispute shall be submitted to the impartial arbitrator in writing and in making his decision, said impartial arbitrator shall be bound by the provisions of this Agreement.  If the Trustees cannot jointly agree upon a statement of the matter at issue, each group of Trustees, Employers or Council, shall submit to the impartial arbitrator in writing, its

version of the facts and of the issue in dispute.  The decision of the impartial arbitrator shall be rendered in writing within ten (10) days after the submission of the dispute and shall bind all parties.

Section 3.  The expenses of any such arbitration, including any necessary court proceedings to secure the appointment of an arbitrator or the enforcement of the arbitration award (including the fee of the arbitrator and the reasonable attorneys' fees of the parties) shall be a proper charge against the Fund.

Section 4.  No matter in connection with the interpretation or enforcement of any written agreement shall be subject to arbitration under this Article.  No matter which is subject to arbitration under this Article shall be subject to the grievance procedure or any other arbitration procedure or any other arbitration procedures provided in any written agreement.

ARTICLE VIII

General Provisions

Section 1.  Subject to the provisions of the written agreements, the rights and duties of all the parties, including the Employers, the signatory associations, the individual Employers, the Council, the employees and their dependents, and the Trustees shall be governed by the provisions of this Agreement and any contracts procured or executed pursuant to this Agreement.

Section 2.  Any notice required to be given under the terms of this Agreement shall be deemed to have been duly served if delivered personally to the person to be notified in writing, or if mailed in a sealed envelope, postage prepaid to such person, at

:ir last known address as shown in the records of the Fund, or

sent by telegram to such person at said last known address.

 Section 3.  This Agreement shall be binding upon and inure to

: benefit of all Employers who are now or hereafter may become

ibers of any signatory Association, and their heirs, executors,

iinistrators, successors, purchasers and assigns of the

iloyers; any signatory association; any individual Employer; the

incil; and the Trustees.  Any individual Employer whose

nbership is terminated in the Employer's Association or in any

jnatory association shall, if continuing in the construction

justry in the areas coverd by the Council jurisdiction

nediately sign acceptance of this Trust Agreement as an

iividual Employer, provided such individual Employer remains or

comes a party to a written agreement with the Council.

 Section 4.  All questions pertaining to this Agreement, the

nd, or the Training Program and their validity, administration

i construction, shall be determined in accordance with the laws

 the State of Illinois and with the pertinent laws of the United

ates.

 Section 5.  If any provision of this Trust Agreement the

aining Program, the rules and regulations made pursuant thereto,

 any step in the adminstration of the Fund or the Training

ogram is held to be illegal or invalid for any reason, such

legality or invalidity shall not affect remaining portions of

is Agreement, the Program or the rules and regulations, unless

ch illegality or invalidity prevents accomplishment of the ob-

ctives and purposes of this Agreement and Program.  In the event

of any such holding or determination, the parties will immediately commence negotiations to remedy any such defect.

Section 6. All facts and all matters of record shall be made available and open to examination and inspection of all the Trustees and of each group of Trustees equally at all times; and no favoritism of one group over the other with reference to any fact of administration shall be permitted at any time. Except to the extent necessary for the proper adminstration of the Fund or of the Training Program, all books, records, papers, reports, documents or other information obtained with respect to the Fund or the Program shall be confidential and shall not be made public or used for any other purpose.

Section 7. It is the intent and purpose of the parties that contributions to the Fund shall be at all times deductible by the individual Employers for income tax purposes in the taxable year when paid and that the Trust created hereby shall be at all times tax exempt. Application for the qualification of the Trust created by this Trust Agreement under Section 501(c)(5) of the Internal Revenue Code shall be made as soon as practicable and the Board of Trustees shall do whatever is necessary to assure such qualification as soon as possible. If any administrative or judicial ruling holds that any provision of this Trust Agreement prevents or defeats the qualifications of the Trust as herein provided, or any other objectives stated in this Section, either under presently existing laws or regulations or any laws or regulations hereinafter enacted or adopted, or if for any other reason it shall be necessary or desirable to amend this Trust

Agreement to accomplish any such objectives, the parties shall forthwith enter into negotiations with regard to the amendment of this Trust Agreement in such respect as may be necessary to accomplish such qualification or other objective, consistent with the other objectives or purposes of this Trust Agreement, and any such amendment shall be effective, insofar as practicable, as of the effective date of this Trust Agreement or as of the effective date of any such law or regulationss hereafter enacted or adopted as the case may require.

Section 8.  In any action or proceeding affecting the Fund or the Trust hereby established, it shall be necessary to join as parties only the Trustees, and none of the Employers, signatory Associations, individual Employers, Council, Employee, or any other person shall be entitled to notice of any such proceeding or to service of process herein.  Any final judgment entered in any such action or proceeding shall be binding upon all of the above-named parties so long as judgment does not attempt to purport to impose any personal liability upon or against any party not joined or not served in any action or proceeding.

ARTICLE IX

Amendment and Termination

Section 1.  AMENDMENT  This Agreement may be amended from time to time by the Board of Trustees, except as follows:

    (a)  In no event shall an amendment result in an alteration of the basic principles of this Agreement.

    (b)  In no event shall an amendment result in a conflict with any Collective Bargaining Agreement with the

Council as such agreement affects contributions to the Trustees or with any other agreements previously entered into by the Board of Trustees.

(c)  No amendment shall result in the repayment or reversion to any Employer of any protion of the Fund. Any amendment shall be in writing and shall be effective as of the date designated by the Board of Trustees.  The Secretary of the Board of Trustees shall distribute a copy of each amendment to each Trustee and shall attach a copy thereof to the minutes of the meeting of the Board of Trustees at which it is adopted.  The Board of Trustees shall notify all necessary parties and shall execute any instrument necessary in connection with the amendment.

Section 2. TERMINATION.  This Agreement may be terminated by written instrument executed by:

(a)  all of the trustees when there is no longer a Written Agreement or other obligation requiring contributions to the Fund in effect between any Employer and the Council or the Trustees; or

(b)  by all of the parties to this Agreement. All necessary provisions of this Agreement shall continue in effect until any assets of the Trust Estate allocable to Employees and Beneficiaries have been distributed or applied by the Trustees.

**Section 3.  NOTIFICATION OF TERMINATION.**  The Board of Trustees shall notify the Council, each Employer and all persons entitled to benefits through this Agreement of the termination of this Agreement within the time required by law.

ARTICLE X

Recordation of Agreement

It shall be the duty of the Trustees to record this Agreement in the office of the Recorder of Deeds of Cook County, Illinois, within fifteen (15) days after the execution thereof, and thereafter to record any future amendments thereto within fifteen (15) days after any such amendment is adopted in accordance with the terms hereof.

**IN WITNESS WHEREOF,** the Associations of Employers and the Council, by their duly authorized representatives have executed this Agreement and the Trustees have affixed their hands and seals on the day and year first above written.

APPROVED AND ACCEPTED:

Council Appointed Trustees:

Frank Ziemann, Local 6
5300 Milwaukee Avenue
Chicago, Illinois   60630

Val Lazzaretto, Local 152
409 Temple Avenue
Highland Park, Illinois   60035

Ernest Kumerow, Laborers' District
  Council
6121 West Diversey
Chicago, Illinois   60639

Association Appointed Trustees:

UNDERGROUND CONTRACTORS' ASSOCIATION

By: _____
Gerard Kenny
Kenny Construction Co.
250 Northgate Highway
Wheeling, Illinois  60090


ILLINOIS ROAD BUILDERS' ASSOCIATION


By: _____
Joseph Palumbo
Leininger Mid-States Paving Co.
323 South Center Street
Hillside, Illinois  60162


BUILDERS' ASSOCIATION OF CHICAGO


By: _____
William B. Barnard
H. B. Barnard Company
176 West Adams
Chicago, Illinois  60603

AMENDMENT TO
AMENDED AGREEMENT AND DECLARATION OF TRUST
OF
DISTRICT COUNCIL OF CHICAGO AND VICINITY
TRAINING AND APPRENTICE TRUST FUND

The Trustees of the Laborers' Training and Apprentice Trust Fund, pursuant to Article IX, hereby amend the Agreement and Declaration of Trust creating the Training and Apprentice Trust Fund ("Trust Agreement"), originally made and entered into the 1st day of June, 1986 as follows:

WHEREAS the Trustees of the Welfare Fund by Resolution adopted December 14, 199 9 agreed to delegate authority to the Laborers' Pension and Welfare Funds to collect contributions in accordance with the policies and procedures followed by those funds in collecting their own contributions;

NOW THEREFORE, it is agreed that Article II, Section 8, 4th sentence shall be amended to read:

Delinquent contributions and penalties shall also bear interest from date contributions were due until the delinquency is totally satisfied at the prime plus 2 points rate of interest as charged by a bank selected by the Laborers' Pension and Welfare Funds and as determined from time to time by the Administrator of said funds, or such other lawful amount the Trustees hereafter may determine.

NOW THEREFORE, it is also agreed that Article II, Section 8, 2nd last sentence shall be amended to read:

Such legal action shall be brought in the Federal District Court for the Northern District of Illinois, Eastern Division.

IN WITNESS WHEREOF, the Trustees hereby approve this Amendment as of the date and year indicated. This Amendment shall take effect immediately.


DATED: _March 15, 2000_


UNION APPOINTED TRUSTEES:                    EMPLOYER APPOINTED TRUSTEES:


J. MICHAEL LAZZARETTO                         ROBERT J. MADDEN


FRANK RILEY                                   DAVID H. LORIG


LIBERATO NAIMOLI                              DON HENDERSON


JOSEPH A. MANN                                DAVID DIPAOLO


JAMES P. CONNOLLY                             GERALD KENNY


MARTIN FLANAGAN


C:\EIC\LABORERS\AMENDMENTS\TRAINING.001.wpd


2