**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, )<br><br>    Plaintiffs,<br><br>v.<br><br>ORLOWSKI CONSTRUCTION, INC., a dissolved Illinois corporation, and ORLOWSKI COMPANY, INC., an Illinois corporation, and WESLEY J. ORLOWSKI, f/k/a WIESLAW J. ORLOWSKI, individually,<br><br>    Defendants. | Case No.: 08 C 35<br><br>Honorable Judge Bucklo<br><br>Magistrate Judge Schenkier |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, ORLOWSKI CONSTRUCTION, INC., ORLOWSKI COMPANY, INC., AND WESLEY J. ORLOWSKI, by their attorneys, Allocco, Miller & Cahill, P.C., answers Plaintiffs' complaint as follows:

### COUNT I

### (Failure To Pay Employee Benefit Contributions)

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 (`ERISA"), as amended, 29 U.S.C. §§ 1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

**ANSWER:** Defendants admit the allegations in Paragraph 1.

2.    Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

**ANSWER:**  Defendants admit the allegations in Paragraph 2.

3.    The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

**ANSWER:**  Defendants admit the allegations in Paragraph 3.

4.    Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

**ANSWER:**  Defendants admit the allegations in Paragraph 4.

5.    Defendant Orlowski Construction, Inc., (hereinafter "Company 1"), is a dissolved Illinois corporation. Company 1 did and does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U. .C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER:**  Defendant, Orlowski Construction, Inc., denies it is a dissolved Illinois corporation and admits the remaining allegations in Paragraph 5.

6. Defendant Orlowski Company, Inc., (hereinafter "Company 2"), is an Illinois corporation. Company 2 did and does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C, §185(c).

**ANSWER:** Defendants admit the allegations in Paragraph 6.

7. The Union is a labor organization within the meaning of 29 U.S.C:. § 185(a). The Union and Company 1 have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement 1"). (A copy of the "short form" Agreement entered into between the Union and Company 1 which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds Company 1 to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

**ANSWER:** Defendants admit the allegations in Paragraph 7.

8. The Union is a labor organization within the meaning of 29 U.S.C. § 185(a). The Union and Company 2 have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement 2"). (A copy of the "short form" Agreement entered into between the Union and Company 2 which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds Company 2 to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit B.)

**ANSWER:** Defendants admit the allegations in Paragraph 8.

9. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest

Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), and Illinois Small Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

**ANSWER:** Defendants admit the allegations in Paragraph 9.

10.     Agreement 1 and the Funds' respective Agreements and Declarations of Trust, obligate Company 1 to make contributions on behalf of its employees covered by Agreement I for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which Company 1, inter alia, identifies the employees covered under Agreement 1 and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of Agreement 1 and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

**ANSWER:** Defendants admit the allegations in Paragraph 10.

11.     Agreement 1 and the Funds' respective Agreements and Declarations of Trust require Company 1 to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

**ANSWER:** Defendants admit the allegations in Paragraph 11.

12.　Agreement 1 obligates Company 1 to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

**ANSWER:**  Defendants admit the allegations in Paragraph 12.

13.　Notwithstanding the obligations imposed by Agreement 1 and the Funds' respective Agreements and Declarations of Trust, Company 1 has:

(a)　failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for the period of June, 2007 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)　failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of June, 2007 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)　failed to submit reports and contributions to Laborers' Training Fund for the period of June, 2007 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)　failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of June, 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e)  failed to timely submit its May, 2007 benefits report thereby incurring $1,603.92 in liquidated damages which have not been paid.

**ANSWER:**  Defendants deny the allegations in Paragraph 13(a-e).

14. Company l's actions in failing to make timely reports and contributions, violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER:**  Defendants deny the allegations in Paragraph 14.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. § 185, and the terms of Agreement 1 and the Funds' respective Trust Agreements, Company 1 is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid and contributions, liquidated damages on the untimely May, 2007 benefits report, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:**  Defendants deny the allegations in Paragraph 15.

## COUNT II

### (Failure To Pay Union Dues)

16. Plaintiffs reallege paragraphs I through 12 of Count I.

**ANSWER:**  Defendants restate their answers to Paragraphs 1 through 12 of Count I.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

**ANSWER:**  Defendants admit the allegations in Paragraph 17.

18. Notwithstanding the obligations imposed by Agreement 1, Company 1 has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted

6

from the wages of its employees for the period of June, 2007 forward, thereby depriving the Union of income and information.

**ANSWER:**  Defendants deny the allegations in Paragraph 18.

19.     Pursuant to Agreement 1, Company 1 is liable to the Funds for the unpaid union dues, as well as liquidated damages, plus audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:**  Defendants deny the allegations in Paragraph 19.

## COUNT III

### (Failure To Pay Employee Benefit Contributions)

20.     Plaintiffs reallege paragraphs 1 through 12 of Count I.

**ANSWER:**  Defendants restate their answers to Paragraphs 1 through 12 of Count I.

21.     Agreement 2 and the Funds' respective Agreements and Declarations of Trust, obligate Company 2 to make contributions on behalf of its employees covered by Agreement 2 for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which Company 2, *inter alia*, identifies the employees covered under Agreement 2 and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of Agreement 2 and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

**ANSWER:**  Defendants admit the allegations in Paragraph 21.

22.     Agreement 2 and the Funds' respective Agreements and Declarations of Trust require Company 2 to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

**ANSWER:** Defendants admit the allegations in Paragraph 22.

23. Agreement 2 obligates Company 2 to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

**ANSWER:** Defendants admit the allegations in Paragraph 23.

24. Notwithstanding the obligations imposed by Agreement 2 and the Funds' respective Agreements and Declarations of Trust, Company 2 has:

(a) failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for the period of May, 2007 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of May, 2007 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and contributions to Laborers' Training Fund for the period of May, 2007 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(d) failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of May, 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said funds and jeopardizing the benefits of the participants and beneficiaries.

**ANSWER:**  Defendants deny the allegations in Paragraph 24(a-d).

25.     Company 2's actions in failing to make timely reports and contributions, violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER:**  Defendants deny the allegations in Paragraph 25.

26.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. § 185, and the terms of Agreement 2 and the Funds' respective Trust Agreements, Company 2 is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:**  Defendants deny the allegations in Paragraph 26.

## COUNT IV

### (Failure To Pay Union Dues)

27.     Plaintiffs reallege paragraphs 1 through 12 of Count I, paragraphs 17 through 18 of Count II, and paragraphs 21 through 24 of Count III.

**ANSWER:**  Defendants restate their answers to Paragraphs 1 through 12 of Count I, Paragraphs 17 through 19 of Count II, and Paragraphs 21 through 24 of Count III.

28.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

**ANSWER:**  Defendants admit the allegations in Paragraph 28.

29.     Notwithstanding the obligations imposed by Agreement 2, Company 2 has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted

from the wages of its employees for the period of May, 2007 forward, thereby depriving the Union of income and information.

**ANSWER:** Defendants deny the allegations in Paragraph 29.

30. Pursuant to Agreement 2, Company 2 is liable to the Funds for the unpaid union dues, as well as liquidated damages, plus audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:** Defendants deny the allegations in Paragraph 30.

## COUNT V

### (Successor Liability, Alter Ego Liability, Single Employer Liability)

31. Plaintiffs reallege paragraphs 1 through 30 of this Complaint.

**ANSWER:** Defendants restate their answers to Paragraphs 1 through 30 of this Complaint.

32. Defendant Company 2 is a successor to, alter ego of, and/or a single employer with Company 1. Company 2 used and uses the same equipment formerly and currently used by Company 1; used and uses the same employees formerly and currently employed by Company 1; performed and performs the same type of work formerly and currently performed by Company 1; operates its business from the same location formerly and currently used by Company 1; uses the same phone number formerly and currently used by Company 1; is managed by and/or had its work supervised by the same personnel who managed and/or supervised and manage and/or supervise the work performed by Company 1; Company 2 uses the same financial institution as Company 1; Company 2 has commingled funds with Company 1 and paid debt of Company 1.

**ANSWER:** Defendants deny that Company 2 operates its business from the same location formerly and currently used by Company 1. Defendants deny that Company 2 uses the same

financial institution as Company 1.  Defendants also deny that Company 2 has commingled funds with Company 1.  Defendants admit the remaining allegations in Paragraph 32.

33.   Defendant Wesley J. Orlowski, f/k/a Wieslaw J. Orlowski, (hereinafter "Orlowski") and Ewa Orlowski are the owners of Defendants Company 1 and Company 2.

**ANSWER:**  Defendants admit the allegations in Paragraph 33.

34. Orlowski and Ewa Orlowski direct, control, and manipulate the activities of Company 1 and Company 2.

**ANSWER:**  Defendants admit the allegations in Paragraph 34.

35. Company 2 was formed by Orlowski and Ewa Orlowski to avoid Company 1's obligations under the Agreement and the Funds' Agreements and Declarations of Trust.

**ANSWER:**  Defendants deny the allegations in Paragraph 35.

36.   Company 2 admitted to being a successor to, alter ego of, single employer with, Company 1, in an Installment Note it entered into with the Funds on or about February 14, 2007 and set forth infra in Count VI of this Complaint.

**ANSWER:**  Defendants admit the allegations in Paragraph 36.

37.   As a successor, alter ego, single employer, Company 1 and Company 2 are liable for the debts of each other corporation.

**ANSWER:**  Defendants admit the allegations in Paragraph 37.

## COUNT VI

### (Default on Installment Note)

38.   Plaintiffs reallege paragraphs 1 through 12 of Count I, paragraphs 17 through 18 of Count II, paragraphs 21 through 24 of Count III, paragraphs 28 through 30

of Count IV, and paragraphs 31 through 37 of Count V.

**ANSWER:** Defendants restate their answers to Paragraphs 1 through 12 of Count I, Paragraphs 17 through 18 of Count II, Paragraphs 21 through 24 of Count III, Paragraphs 28 through 30 of Count IV, and Paragraphs 31 through 37 of Count V.

39. Company 1 and Company 2 entered into an Installment Note ("Note") with the Funds on or about February 14, 2007 to submit payment of contributions owed to the Funds for the audit of Company 1 for the period of January 1, 2003 through July 31, 2006. A true and accurate copy of the Note is attached hereto as Exhibit C.

**ANSWER:** Defendants admit the allegations in Paragraph 39.

40. Defendant Orlowski signed a Guaranty of Payment and Indemnification ("Guaranty") on or about February 14, 2007 individually guaranteeing payment of the amounts due under the Note to the Funds. A true and accurate copy of the Guaranty is attached hereto as Exhibit D.

**ANSWER:** Defendants admit the allegations in Paragraph 40.

41. Paragraph 6 of the Note provides that:

Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Fund's respective Agreements and Declarations of Trust. If the contributions are not paid by the 1 0th day following the date on which the payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Fund's respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event Company 1 and Company 2 fail to timely make any payments described in this Note, all amounts described in Paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event Company 1 and Company 2 further agrees [sic] to pay all attorney fees and costs incurred by the Funds in any action to enforce any part or all of this note.

**ANSWER:** Defendants admit the allegations in Paragraph 41.

42. Paragraph 7 of the Note provides that:

12

>   This Installment Note is conditioned on Company 1 and Company 2 staying current on their obligations to the Funds under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. In the event that Company 1 and Company 2 fail to maintain their obligations under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, including, but no[t] limited to, its obligations to submit timely contribution reports and to make timely contribution payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note.

>   **ANSWER:** Defendants admit the allegations in Paragraph 42.

43. Paragraph 1 of the Guaranty provides that:

>   <u>Guaranty of Payment and Indemnification</u>. The undersigned guarantees, absolutely and unconditionally; (a) the payment when due of the entire principal indebtedness and all interest evidenced by the Note during the six (6) month payment period including interest and liquidated damages for late or unpaid payments due on the note; and (b) the full and complete payment of any and all fees and costs incurred pursuant to default under terms of the Note, whether litigation is involved or not, and if involved, whether at the trial or appellate levels or in pre- or post judgement [sic] bankruptcy proceedings in enforcing or realizing upon the obligations of the Guarantor.... The Guarantor also agrees to be personally liable for all monthly benefit contributions and/or union dues owed from the Company to the Funds, the District Council and all ancillary funds that are due at the time the Note and Guaranty are entered into and/or are incurred and become due and owing for the duration of the Note, including all interest, liquidated damages, audit costs, attorneys' fees and costs.

>   **ANSWER:** Defendants admit the allegations in Paragraph 43.

44. Paragraph 10 of the Guaranty provides that:

>   <u>Expenses</u>. The undersigned agrees to pay and reimburse the Funds for all cost and attorney's fees, which they may expend or incur in the enforcement of this Guaranty or any of the Company 1 and Company 2's Obligations under the Note.

>   **ANSWER:** Defendants admit the allegations in Paragraph 44.

45. Pursuant to the Note, Company 1 and Company 2 were to pay at the time of executing the Note a 20% downpayment and payment in full of all ancillary funds, and thereafter beginning on March 1, 2007, make six consecutive monthly payments of $5,617.53 to the Health and Welfare

Fund, and $3,922.14 to the Pension Fund, make their monthly installment payments by the 1st of the month, with the payment being considered late if unpaid after an additional 10 days; and submit and pay their monthly benefit and dues reports and contributions.

**ANSWER:** Defendants admit the allegations in Paragraph 45.

46. Company 1 and Company 2 paid the 20% downpayment, paid the ancillary funds in full, and made five of the six monthly Note payments. Company 1 and Company 2 failed to pay their sixth payment which was due September 1, 2007, and therefore are in default on the Note.

**ANSWER:** Defendants deny the allegations in Paragraph 46.

47.  Company 1 has failed to submit its June, 2007 forward benefits and dues reports and contributions as set forth in Counts I and II, and is therefore in default on the Note. Company 2 has failed to submit its May, 2007 forward benefits and dues reports and contributions as set forth in Counts III and IV, and is therefore in default on the Note.

**ANSWER:** Defendants deny the allegations in Paragraph 47.

48.  Orlowski, as Guarantor of the Note, is also liable for the amounts due under the Note, including the sixth payment of $5,617.53 to Health and Welfare and $3,922.14 to Pension, and as set forth in Counts I, II, III, and IV of this Complaint, Company 1's June, 2007 forward benefits and dues reports and contributions, and Company 2's May, 2007 forward benefits and dues reports and contributions.

**ANSWER:** Defendants deny the allegations in Paragraph 48.

49.  Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. § 185, federal common law, the terms of Agreement 1 and Agreement 2, the Funds' respective Trust Agreements, and the terms of the Note and the Guaranty, Company 1 and Company 2 and Orlowski are liable to the Funds for the full balance of the Note, including

liquidated damages on the late Note payments, Company l's June, 2007 forward benefits and dues reports and contributions, and Company 2's May, 2007 forward benefits and dues contributions, including liquidated damages and interest, and attorneys' fees and costs incurred by the Funds in enforcing the Note and Guaranty.

**ANSWER:**  Defendants Orlowski Construction, Inc. and Orlowski Company, Inc. admit the allegations in Paragraph 49.  Defendant Wesley Orlowski denies the allegations in Paragraph 49.

50.　　Company 1, Company 2, and Orlowski's actions in defaulting on the Note violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. § 185, and federal common law.

**ANSWER:**  Defendants deny the allegations in Paragraph 50.

 

ORLOWSKI CONSTRUCTION, INC.,
ORLOWSKI COMPANY, INC. and
WESLEY J. ORLOWSKI, f/k/a WIESLAW J. ORLOWSKI, individually


　　　　/s/ Todd A. Miller　　　　
One of Defendants' attorneys

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 N. Paulina Street
Chicago, Illinois 60657
(773) 868-4841

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the attached, Answer to Plaintiffs' Complaint, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 10th day of July, 2008, which will send notice of such filings to the following:

Jerrod Olszewski
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, Illinois 60604

                                                                 /s/ Todd A. Miller
                                                             One of Defendants' attorneys

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841